UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED
SEP 1 2 2002
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| IN RE SEITEL, INC. | § § | CIVIL ACTION NO. 02-1566 |
| | § | (CONSOLIDATED) |
| SECURITIES LITIGATION | § § | JUDGE EWING WERLEIN, JR. |
| | § § | |

## MEMORANDUM AND ORDER

Pending are Motion of Miller/Howard Investments, Inc. to be Appointed as Lead Plaintiff and Approve Its Choice of Lead Counsel (Document No. 13); Motion of Shareholder Bruce Youngman for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (Document No. 15); and Motion of Dr. Russell Semeraro for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (Document No. 27).[1]

### I. Lead Plaintiff

Miller/Howard Investments ("MHI"), Bruce Youngman ("Youngman"), and Russell Semeraro ("Semeraro") each seek to serve as lead plaintiff in this securities fraud class action. MHI and Semeraro have also requested that they be named Joint Lead

---

[1] Also pending is the Motion of Fuller & Thaler Asset Management, Inc. to be Appointed Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel (Document No. 24). Fuller & Thaler subsequently withdrew this motion (Document No. 57), and the motion is therefore DENIED as moot.



Plaintiffs, and that the law firms that have filed their respective applications both be named as Co-Lead Counsel.

The statutory requirements and principles to be followed in appointing lead plaintiff in a case such as this, and in considering whether to approve lead plaintiff's selection of lead counsel, are set forth in the excellent opinions of the Hon. Melinda Harmon in <u>In Re Enron Corp. Securities Litigation</u>, 206 F.R.D. 427 (S.D.Tex. 2002), and <u>In Re Waste Management, Inc. Securities Litigation</u>, 128 F.Supp.2d 401 (S.D.Tex. 2001). The governing statute is 15 U.S.C. § 78u-4(a)(3).

When the pending motions in this case were set for hearing, there were four applicants for Lead Plaintiff. None of these applicants appeared at the initial hearing except by the presence of their lawyers. The lawyers, it turned out, knew some things about their clients but, on the whole, not a great deal. The hearing was continued at the request of counsel to permit the appearances of their clients who were being promoted to serve as Lead Plaintiff. In the interim, Fuller & Thaler Asset Management, Inc. withdrew its application. When the hearing resumed, Dr. Semeraro and Mr. Youngman personally appeared. MHI, although again represented by counsel, did not present a principal of the company who would actually discharge the responsibilities of directing the litigation if MHI were appointed Lead Plaintiff.

At the resumed hearing the applicants acknowledged that Dr. Semeraro has the largest financial interest in the relief sought by the class among those who were still applying to act as Lead Plaintiff, and that he otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. MHI, which is an asset manager or money manager, claimed to have the next largest financial interest in the relief sought by the class, but serious questions have been raised regarding whether MHI would satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and, indeed, whether MHI had purchased beneficial ownership of any Seitel shares that results in its having a direct financial interest in the relief sought.

Dr. Semeraro and MHI also have suggested that they be jointly appointed Lead Plaintiffs and that both of their respective law firms be named as co-lead counsel. These two applicants have shown no prior relationship with each other and there is no reason to perceive them as a cohesive group that could effectively direct this litigation. The fact that MHI failed to appear (except through its counsel) at either of the sessions in which the Court considered the applications for appointment of Lead Plaintiff reflects that such an appointment is certainly not a high priority for MHI.

Dr. Semeraro testified. The Court finds that he is a reasonably experienced investor who has the largest financial

interest in the relief sought by the class among those who are applicants. Moreover, Dr. Semeraro's loss is extremely large in proportion to his claimed overall assets. It would appear that Dr. Semeraro therefore would have a high sense of motivation to prosecute and supervise the prosecution of this litigation in behalf of the plaintiff class. He is a retired medical doctor who devotes most of his time to handling his investments, and he has assured the Court that he has the time and the desire to attend to the supervision of the prosecution of this litigation. Dr. Semeraro appears to be intellectually capable of learning and mastering additional subjects that may be involved in the conduct of the litigation.

Mr. Youngman during his testimony evidenced a high level of sophistication and experience in securities investments, but at the conclusion of the hearing agreed that Dr. Semeraro is the most adequate plaintiff and he acquiesced in the appointment of Dr. Semeraro as Lead Plaintiff.

After careful consideration of the written and oral submissions, and having examined the Plaintiffs who have applied to act as Lead Plaintiff, the Court finds that Dr. Semeraro is the most adequate plaintiff to represent the plaintiff class as Lead Plaintiff in this class action litigation. The Court is not persuaded that there would be any incremental benefit in MHI serving as co-Lead Plaintiff; indeed, such in all reasonable

likelihood would make the direction of the Plaintiff Class litigation more cumbersome, more expensive, and less efficient. Accordingly, the Court will appoint as Lead Plaintiff Dr. Semeraro, whom the Court determines, from among the applicants, to be the most adequate plaintiff to represent the interests of class members in accordance with the requirements of 15 U.S.C. § 78u-4.

## II. Lead Counsel

Once a plaintiff or group of plaintiffs is selected as the "most adequate plaintiff," the most adequate plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." Id. at § 78u-4(a)(3)(B)(v). The right to select and retain counsel is not absolute. See In re Cendant Corp. Litig., 264 F.3d 201, 273 (3d Cir. 2001). The district court has the power and the duty to supervise lead counsel selection. See id.

Dr. Semeraro seeks to appoint as lead counsel Wolf Popper LLP ("Wolf Popper") and Cunningham Darlow Zook & Chapoton, LLP, as local liaison counsel. These firms have appropriate credentials to represent Lead Plaintiff, and no party has demonstrated the inadequacy of either of these law firms to discharge such appointments. The Court finds that Dr. Semeraro's choice of counsel should be approved.

5

III. <u>Order</u>

For the foregoing reasons, it is hereby

ORDERED that the Motion of Dr. Russell Semeraro for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (Document No. 27), is GRANTED, Dr. Russell Semeraro is appointed LEAD PLAINTIFF, and his selections of Wolf Popper LLP as lead counsel and Cunningham Darlow Zook & Chapoton, LLP, as local liaison counsel, are both APPROVED. Wolf Popper LLP shall promptly file a designation of the attorney-in-charge. *See* L.R. 11.1. It is further

ORDERED that the Motion of Shareholder Bruce Youngman for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (Document No. 15), and Motion of Miller/Howard Investments, Inc. to be Appointed as Lead Plaintiff and Approve Its Choice of Lead Counsel (Document No. 13) are both DENIED. It is further

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas on this 11TH day of September, 2002.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE